UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONARD, TILLERY & SCIOLLA, LLP
By:     Michael V. Tinari, Esquire            Attorney for Plaintiffs,
1515 Market Street, Suite 1800               Vincent and Carolyn Minniti
Philadelphia, PA 19102
(215) 567-1530
_____

| | |
|---|---|
| VINCENT MINNITI and CAROLYN MINNITI h/w | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No.: |
| | : |
| CITY OF PHILADELPHIA | : |
| Law Department | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| And | : |
| CORPORAL ZAMBINO | : |
| City of Philadelphia | : Jury Trial Demanded |
| Police Department | : |
| One Franklin Square | : |
| Philadelphia, PA 19106 | : |
| And | : |
| SERGEANT BROOKS | : |
| City of Philadelphia | : |
| Police Department | : |
| One Franklin Square | : |
| Philadelphia, PA 19106 | : |
| And | : |
| POLICE OFFICER KEVIN DWYER | : |
| City of Philadelphia Police Department | : |
| One Franklin Square | : |
| Philadelphia, PA 19106 | : |
| And | : |
| SHAW'S AUTO PARTS | : |
| 4750 James Street | : |
| Philadelphia, PA 19124 | : |
| Defendants. | : |
| _____ | : |

## **COMPLAINT – CIVIL ACTION**

1

1. Plaintiffs, bring this action pursuant to 42 U.S.C. § 1983 for violation of their civil rights under the Fourth and Fourteenth amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343. This Court may also exercise pendent jurisdiction over the Plaintiffs' state law claims.

2. Violations which form the basis of this action have occurred within the Eastern District of Pennsylvania. Venue is proper in this Court under 28 U.S.C.§ 1391 (b).

3. Plaintiffs, Vincent Minniti (hereinafter "Vincent") and Carolyn Minniti (hereinafter "Carolyn"), are adult individuals, husband and wife, and citizens of the Commonwealth of Pennsylvania, residing at 1663 Hope Avenue, Bensalem, Pennsylvania, 19020.

4. Defendant, City of Philadelphia (hereinafter "Defendant City"), is a city of the first class, located within Philadelphia County, Commonwealth of Pennsylvania, with a principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania 19102.

5. Defendant, Corporal Zambino (hereinafter "Defendant Zambino"), is an employee of Defendant City, working for the Philadelphia Police Department, and was acting in his official capacity at all times pertinent to this Complaint for the City in the City of Philadelphia, with his principal place of business located at One Franklin Square, Philadelphia, Pennsylvania 19106.

6. Defendant, Sergeant Brooks (hereinafter "Defendant Brooks") is an employee of Defendant City, working for the Philadelphia Police Department and was acting in his official capacity at all times pertinent to this Complaint for the City in the City of Philadelphia, with his principal place of business located at One Franklin Square, Philadelphia, Pennsylvania 19106.

7. Defendant, Police Office Dwyer, Badge No. 206493 and/or 4273 (hereinafter "Defendant Dwyer") is an employee of Defendant City, working for the Philadelphia Police Department and was acting in his official capacity at all times pertinent to this Complaint for the City in the City of Philadelphia with his principal place of business at One Franklin Square, Philadelphia, Pennsylvania 19106.

8. Defendant, Shaw's Auto Parts (hereinafter "Defendant Shaw's"), is an entity and/or company which provides towing services, with its principal place of business located at 4750 James Street, Philadelphia, Pennsylvania 19124.

9. The Philadelphia Police Department (hereinafter "Police Dept."), is an agency of Defendant City.

10. At all times relevant to this Complaint, Plaintiffs were the owners of real property located at 1419-1421 Adams Avenue, Philadelphia, Pennsylvania 19124 (hereinafter the "Property").

11. Plaintiffs either jointly and/or individually owned the following vehicles (hereinafter the "Vehicles"):

      (a) Pontiac Lemans;
      (b) Chevrolet Truck;
      (c) Ford Thunderbird;
      (d) Buick 225;
      (e) Cadillac Convertible;
      (f) Chevrolet Caprice Sedan;
      (g) Chevrolet Impala Convertible; and a
      (h) Chevrolet Camaro LT.

12. All of the aforementioned vehicles were located behind a fence and were physically situated on the Property.

13. On or about July 11, 2002, Defendant, City, by and through its Police Department, on its own or through its agent, Defendant Shaw's entered the Property unlawfully and proceeded to remove and seize the Vehicles illegally by towing them away.

14. This action was taken without any authority or permission from Plaintiffs, owners of the Property and the vehicles.

15. Neither Plaintiff was ever provided with notice from any party that the Vehicles were to be removed, nor were Plaintiffs given the opportunity to contest removal of the Vehicles.

16. On Sunday, July 14, 2002, Vincent arrived at the Property and determined that the Vehicles were missing.

17. On July 15, 2002, Vincent went to the police station, 15th Police district to determine what had happened to his Vehicles. Vincent was informed that the Vehicles were located at Defendant Shaw's.

18. On July 16, 2002, Vincent went to Defendant Shaw's in order to reclaim his Vehicles. Defendant Shaw's confirmed that they had possession of seven (7) of the eight (8) Vehicles, and demanded Two thousand two hundred dollars ($2,200.00) for their release to Vincent.

19. On July 19, 2002, Vincent returned to Defendant Shaw's with the full payment amount in order to reclaim his Vehicles.

20. After walking through the premises and being unable to locate his Vehicles, Vincent inquired with the manager at Defendant Shaw's regarding their location.

21. Vincent was informed that the Vehicles had been destroyed and that he should call Defendant Zambino at the Police Dept. for further information.

22. Plaintiffs were not given any notice pertaining to the destruction of the Vehicles prior to being informed that they had been destroyed, nor were they informed that they could contest their destruction.

23. Vincent then contacted Defendant Zambino who stated that he authorized the taking of the vehicles and that the vehicles were not going to be returned.

24. Vincent later spoke to Sergeant Brooks at the Police Department, who also informed him of his decision to remove the Vehicles.

25. Upon information and belief, Defendant Dwyer also authorized the unauthorized removal, seizure, destruction and/or sale of the subject vehicles.

26. To this date, the Plaintiffs have not been able to recover any of the eight (8) vehicles which were unlawfully removed from their property or receive any compensation for this loss.

### COUNT I
### 42 U.S.C. § 1983 – DEPRIVATION OF CIVIL RIGHTS
### PLAINTIFFS v. DEFENDANTS CITY, SHAW'S, ZAMBINO, BROOKS AND DWYER

27. Plaintiffs hereby incorporate Paragraphs 1 through 26 as if the same were fully set forth at length herein.

28. At all times pertinent to this Complaint, Defendant City, through the Police Dept., and Defendants, Shaw, Zambino, Brooks and Dwyer in performing the acts previously mentioned, acted under color of law. These Defendants were also acting under color of a custom or usage set out by Defendant City, through its agency, the Police Department.

29. Defendant Shaw's acted under the direction and as the agent of the Police Dept. and is therefore considered to have acted under color of law and/or according to custom or usage set out by Defendant City.

5

30. Through the previously mentioned acts, Plaintiffs have been subject to the deprivation by Defendants, under color of law and/or according to custom or usage set out by Defendant City, of rights, privileges and immunities secured to them by the Constitution and laws of the United States, particularly their rights not to be deprived of property without due process of law, guaranteed by the Fifth and Fourteenth Amendments to the Constitution, and the right to equal protection under the law as guaranteed by the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983.

31. At all times relevant to this Complaint, the actions and conduct of Defendants with respect to Plaintiffs and Plaintiffs' Vehicles, carried and enjoyed the official sanction of and were enforcing the official policy of Defendant City and the Police Dept. in trespassing upon privately owned property, unlawfully removing privately owned vehicles and then destroying or selling the vehicles, all without notice to the owners.

32. As a direct and proximate result of the conduct of Defendants, Plaintiffs were and still continue to be, deprived of their property, the aforementioned Vehicles, and have suffered much anxiety, distress and financial expense.

**WHEREFORE**, Plaintiffs seek judgment against all Defendants for compensatory and punitive damages together with interest, costs and attorneys fees.

**COUNT II
42 U.S.C. § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS,
PLAINTIFFS v. DEFENDANTS CITY, SHAW'S, ZAMBINO, BROOKS AND DWYER**

33. Plaintiffs hereby incorporate Paragraphs one 1 through 32 as if the same were fully set forth at length herein.

34. By virtue of their actions and conduct previously mentioned all Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiffs of their rights guaranteed to them under the Constitution and law of the United States.

35. Specifically Defendants concerted actions have deprived Plaintiffs of their rights not to be deprived of property without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution, as well as Plaintiffs right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983.

36. At all times relevant to this Complaint, the actions and conduct of Defendants with respect to Plaintiffs and Plaintiffs' Vehicles, carried and enjoyed the official sanction of and were enforcing the official policy of Defendant City and the Police Dept.

37. As a direct and proximate result of the conduct of Defendants, Plaintiffs were and still continue to be, deprived of their property, the aforementioned Vehicles, and have suffered much anxiety, distress and financial expense.

**WHEREFORE**, Plaintiffs seek judgment against all Defendants for compensatory and punitive damages together with interest, costs and attorneys fees.

### COUNT III
### CONVERSION
### PLAINTIFFS v. DEFENDANTS CITY, SHAW'S, ZAMBINO, BROOKS AND DWYER

38. Plaintiffs hereby incorporate Paragraphs one 1 through 37 as if the same were fully set forth at length herein.

39. Defendant City, through the Police Dept., and Defendants Zambino, Brooks and Dwyer willfully converted Plaintiffs' property interest in the Vehicles when it ordered them removed from Plaintiffs' Property and subsequently ordered the destruction and/or sale of said Vehicles without authority or permission to do so.

40. Defendant Shaw's willfully converted Plaintiffs' property interest in the Vehicles through the physical removal of said Vehicles from Plaintiff's Property and the subsequent destruction and/or sale of these Vehicles without authority or permission to do so.

41. As a direct and proximate result of the conduct of Defendants, Plaintiffs were and still continue to be, deprived of their property, the aforementioned Vehicles, and have suffered much anxiety, distress and financial expense.

**WHEREFORE**, Plaintiffs seek judgment against all Defendants for compensatory and punitive damages together with interest, costs and attorneys fees.

## COUNT IV
## NEGLIGENCE
## PLAINTIFFS v. DEFENDANTS CITY, SHAW'S, ZAMBINO, BROOKS AND DWYER

42. Plaintiffs hereby incorporate Paragraphs one 1 through 41 as if the same were fully set forth at length herein.

43. Defendants City, Zambino, Brooks and Dwyer owed a duty to Plaintiffs to protect their property interests in the Vehicles after they ordered said Vehicles removed from Plaintiffs' Property and took custody and control of said vehicles.

44. Defendant Shaw's owed a duty to Plaintiffs to protect their property interests in the Vehicles after they took control and custody of the aforementioned Vehicles.

45. Defendants City, Zambino, Brooks and Dwyer acted negligently towards Plaintiffs in:

  a. failing to provide notice to Plaintiffs that the Vehicles were to be removed;

  b. failing to provide notice to Plaintiffs that the Vehicles had in fact been removed from the Property;

    c.    ordering the removal of the Vehicles from the Property without legal justification or permission by Plaintiffs;

    d.    failing to adequately protect Plaintiffs' right to return of their Vehicles;

    e.    failing to provide notice to Plaintiffs that their Vehicles had been taken to Defendant Shaw's;

    f.    failing to provide notice to Plaintiffs that their Vehicles were scheduled to be destroyed and/or sold;

    g.    failing to otherwise act in an appropriate and professional manner so as to afford Plaintiffs' their rights to recover their Vehicles in a timely fashion;

    h.    failing to protect, keep and store the vehicles while they were in Defendants' possession; and in the possession of Shaw's and

    i.    failing to assure that the proceeds from the improper sale of Plaintiffs' vehicles and vehicle parts were provided to Plaintiffs.

46.    Defendant Shaw's acted negligently towards Plaintiffs in:

    a.    failing to provide notice to Plaintiffs that their Vehicles were in Defendant Shaw's possession;

    b.    failing to inform Plaintiffs upon inquiry as to the Vehicles that the Vehicles were scheduled to be sold and/or destroyed;

    c.    failing to adequately protect Plaintiffs right to return of their Vehicles;

    d.    failing to otherwise act in an appropriate and professional manner so as to afford Plaintiffs the right to recover their Vehicles in a timely fashion;

    e.    failing to protect, keep and store the vehicles of Plaintiffs while they were in Defendants' possession; and

  f. failing to assure that the proceeds from the improper sale of Plaintiffs' vehicles or vehicle parts were provided to the Plaintiffs.

47. As a direct and proximate result of the conduct of Defendants, Plaintiffs were and still continue to be, deprived of their property, the aforementioned Vehicles, and have suffered much anxiety, distress and financial expense.

**WHEREFORE**, Plaintiffs seek judgment against all Defendants for compensatory and punitive damages together with interest, costs and attorneys fees.

### COUNT V

### TRESPASS
### PLAINTIFFS v. DEFENDANTS CITY, SHAW'S, ZAMBINO, BROOKS AND DWYER

48. Plaintiffs hereby incorporate Paragraphs one 1 through 47 as if the same were fully set forth at length herein.

49. Defendant City, through the Police Dept. or its agent, Defendant Shaw's, entered upon Plaintiffs' Property for the purpose of removing Plaintiffs' Vehicles.

50. Defendants Zambino, Brooks and Dwyer authorized, participated in, or otherwise precipitated the aforementioned entry onto Plaintiffs' Property for the purpose of removing said Vehicles.

51. This entrance upon Plaintiffs' Property was done without notice, authorization or legal justification, and without the permission or consent, express or implied, of Plaintiffs.

52. Defendant City, through its Police Department or its agent, Defendant Shaw's, did in fact remove Plaintiffs' Vehicles from the Property.

53. As a direct and proximate result of the conduct of Defendants, Plaintiffs were and still continue to be, deprived of their property, the aforementioned Vehicles, and have suffered much anxiety, distress and financial expense.

**WHEREFORE**, Plaintiffs seek judgment against all Defendants for compensatory and punitive damages together with interest, costs and attorneys fees.

LEONARD, TILLERY & SCIOLLA, LLP


BY: _____
Michael V. Tinari, Esquire
Attorney for Plantiffs,
Vincent and Carolyn Minniti

Date: _____